## Sternbergh's Estate.

Argued November 30, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Benjamin Byer,* with him *M. Bernard Hoffman,* for appellant.

*C. Wilson Austin,* with him *Charles K. Derr,* for appellee.

PER CURIAM, December 28, 1939:
This is an effort to secure an apportionment of the liquidation proceeds of corporate stock. Appellant is

the life beneficiary of a trust created in 1912. The trust held 1,000 shares of American Iron & Steel Manufacturing Company stock. In 1917, with the life tenant's consent, this stock was surrendered by the trustee for $58.80 a share. Its intact value at the inception of the trust was about $72. The sale embraced all of the assets of the corporation, including those representing the undistributed surplus or accumulated earnings. Though the record does not disclose the form in which this surplus was retained, and what portion of the assets contributed to the price obtained, or to what extent, appellant, after 22 years, now seeks to secure from the trustee her share, undiminished, of what she terms accumulated earnings on this stock that were never distributed as such by the corporation. This would amount to $14.76 a share, leaving to the remaindermen the balance of the proceeds at $44.04 a share, representing a reduction of approximately $28 from the intact value of the stock, and placing the entire loss upon them.

Where all of the assets of a corporation are sold, it is only if the proceeds exceed the intact value of the stock that apportionment can be made. Although it was said in *Daily's Estate*, 323 Pa. 42, at 46: "if a corporation liquidates or sells its assets and receives a sum representing in part accumulated profits, a trust estate holding stock therein must apportion the amount received under the general rule," the reference must be understood in the light of the holding of that case, which was entirely consistent with the conclusion here adopted. In the Daily case, the transaction disposing of the stock held in trust in exchange for stock of a holding company produced a return greater than the intact value. The Court held, at page 48: "There must be apportioned to the trust estate that number of shares of common and preferred, the total book value of which would equal the intact value at the time of the inception of the trust. The remainder of such stock must go to the life tenant." This, too, must be limited to that portion of such "remainder" as represents earnings.

As the entire proceeds of the sale in this case were *less* than the intact value of the stock was shown to be at the time of the sale, this impairment must be made good, following *Dickinson's Estate*, 285 Pa. 449, by applying the undistributed earnings thereto in accordance with the decree of the court below. In this case, loss on liquidation clearly has no effect upon intact value.

Decree affirmed.